UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN M. DANIELS,

        Plaintiff,                             Case No: 1:07-cv-528

v                                                 HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## JUDGMENT

Plaintiff filed a claim for disability insurance benefits identifying his disabling conditions as neuromuscular dysfunction of his right shoulder, neck injury, post-traumatic stress disorder, and Gulf War syndrome. The Commissioner of the Social Security Administration denied his claim, and plaintiff seeks judicial review of the decision. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court reverse and remand the Commissioner's decision for re-evaluation of plaintiff's medical history with respect to his mental disorders; re-evaluation of Dr. Marshall's findings; and, if necessary, re-evaluation of plaintiff's ability to perform other work. The matter is presently before the Court on Defendant's objections to the Report and Recommendation.

Defendant argues that this Court should affirm the Commissioner's final decision and reject the Magistrate Judge's recommendation for remand. Defendant argues that remand is inappropriate because the Administrative Law Judge "clearly considered" plaintiff's severe mental impairments

including post-traumatic stress disorder, dysthymic disorder, and somatoform disorder and included mental limitations in the residual functional capacity finding. Defendant also asserts that the ALJ "adequately considered and discussed Dr. Marshall's opinion."

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies defendant's objections and issues this Judgment pursuant to FED. R. CIV. P. 58.

The Magistrate Judge properly concluded that the ALJ's decision is "internally inconsistent." The ALJ determined that plaintiff suffers from severe mental impairments but also stated that "[t]here is no documented history of a mental disorder." Defendant argues that the ALJ considered the severe mental impairments in making the decision, and the preceding statement is harmless error. However, the Magistrate Judge accurately noted that it is difficult to follow the ALJ's reasoning in this circumstance, and the plaintiff's medical history should be re-evaluated regarding his mental disorders.

The Magistrate Judge also determined that the ALJ did not provide information regarding how much weight was given to Dr. Marshall's findings. Defendant argues that Dr. Marshall's opinion was properly given weight in the opinion, and any discussion that was omitted should be deemed harmless. However, the Magistrate Judge correctly reasoned that Social Security Ruling 96-6p requires the ALJ to "explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180 at *2 (July 2, 1996). It is also unclear how the ALJ interpreted Dr. Marshall's findings. Thus, Dr. Marshall's findings should be re-evaluated.

**THEREFORE, IT IS ORDERED** that the objections (Dkt 12) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 11) is APPROVED and ADOPTED as the opinion of the Court, and the decision of the Commissioner of Social Security is REVERSED and REMANDED for re-evaluation of plaintiff's medical history with respect to his mental disorders; Dr. Marshall's findings; and, if necessary, re-evaluation of plaintiff's ability to perform other work.


Dated:   September 24, 2008            /s/ Janet T. Neff
                                                                         JANET T. NEFF
                                                                         United States District Judge